Samuel W. Eager, J.
We have a petition here in a proceeding instituted pursuant to article 78 of the Civil Practice Act, to review a determination of the Zoning Board of Appeals of the Town of Ramapo, County of Rockland, New York. The said determination granted, conditionally, the application of the intervenor-respondent for a “ Special Permit” for use as a community recreation area, including a swimming pool, of an 11.2-acre tract situate in a residential use zone in said town.
Determination is annulled and matter remitted to Zoning Board for rehearing and reconsideration. The determination is indefinite and ambiguous in that the restrictions imposed in connection with the granting of the permit are uncertain and vague. Furthermore, the determination is not supported by any findings by the board as to the facts which formed the basis for its action.
It is clear that a Zoning Board of Appeals has the inherent power, in connection with the granting of a special permit, to impose such reasonable conditions and restrictions as are *592 directly related to and incidental to the proposed use of the property and which are not inconsistent with the provisions of the local ordinance. (See Rathkopf, Law of Zoning & Planning [2d ed.], § 21, p. 198; 2 Metzenbaum, Law of Zoning, p. 957; 1 Yokley, Zoning Law and Practice [2d ed.], § 144; see, also, Matter of Community Synagogue v. Bates, 1 N Y 2d 445; Hopkins v. Board of Appeals, 179 Misc. 325 [Van Voorhis, J.].) Thus, it would appear that the board here, in connection with the particular application, would be empowered to impose conditions relating to fences, safety devices, landscaping, screening and access roads relating to period of use, screening, outdoor lighting and noises, and enclosure of buildings and relating to emission of odors, dust, smoke, refuse matter, vibration noise and other factors incidental to comfort, peace, enjoyment, health or safety of the surrounding area.
It is to be borne in mind, however, that a zoning board, not being a legislative body, does not have the power, on the granting of a special permit, to in effect amend or modify the local zoning ordinance by the imposition of conditions in connection therewith not expressly or impliedly authorized by the terms of the ordinance. (See Matter of Vit-Al Bldg. Corp. v. Eccleston, 7 A D 2d 737.) Furthermore, it is clear that conditions to be imposed on the granting of a special permit by a zoning board should be so defined that the permittee and neighboring property owners are not left in doubt as to the precise nature and extent of the use permitted, and the restrictions thereupon. Conditions which are ambiguous and vague are of no value for the protection of the comfort, health and welfare of the community and the rights of nearby residents.
Here, one cannot say with certainty what was intended with respect to conditions such as “1”, “3”, “5”, “6”, “ 7 ” and “8”; and certain of the same may be beyond the powers of the board. In connection with certain of these provisions, it is to be borne in mind that, generally speaking, the jurisdiction of the board in effect ceases upon the granting of the permit.
If it is intended that the access road, screening by natural woods, parldng lot, and swimming pool be located and fixed as to area as shown on a map, it would seem that the location and fixing thereof should be expressly set out in the determination of the board or so tied in with a proper map as to leave no uncertainty. If there are to be standards fixed as to the private road, the same should be specified. Further, the limiting of membership in the proposed club to use the property to 150 families and the provision for membership preference *593 to be given to nearby residents are uncertain. The limitation with respect to membership is decidedly of little value if members can bring in an unlimited number of guests. The statement that membership preference be given to persons living closest is so general as to be meaningless. What the board had in mind is not clear when it specified that the finally adopted bylaws of the proposed membership corporation shall be approved by the board.
In any event, it is clear that the determination here must be set aside for absence of the statement by the board of the findings of fact on which the determination is based. It is true that where the legislative body itself reserves the right to make exceptions to general provisions of the zoning ordinance, detailed findings of fact may not be necessary in a particular case to support the granting by it of a special permit. (See Lemir Realty Corp. v. Larkin, 8 A D 2d 970.) It is to be borne in mind, however, that the Zoning Board here, being without legislative powers, may not amend nor change the provisions of the ordinance. Its action is limited to the exercise of the judgment or discretion conferred upon it by the ordinance and is to be based upon a proper consideration of the surrounding facts and circumstances.
The terms of the local ordinance clearly indicate that the board here should have made findings in support of their decision. It is specifically provided therein that “ Every decision of the Board of Appeals shall be in writing, and shall contain findings and conclusions as required by law, and shall be filed promptly in the office of the Town Clerk, and shall be a public record.” Then, it is further provided (see § 8.331) that every special permit shall conform to “ Special Bindings relating thereto that are specified in Section 4.31 ’ ’. Said section 4.31 specifically mentions particular matters to be considered by the board in passing upon the application for a special permit, such as accessibility for fire and police protection; traffic accommodations, size, type and kinds of buildings; screening and the operations of proposed recreational facilities, etc. Clearly, these matters which are to be subject to consideration by the board are to be passed upon and it should make proper findings with respect thereto.
The board was bound to make findings in support of its determination so that the parties, and the court in a proceeding to review, may be informed as to the basis for its conclusions. The failure to state the “ factual basis for the determination not only burdens the applicant in preparing his challenge to *594 the determination but also impedes the court in its review of the determination (Matter of Barry v. O’Connell, 303 N. Y.
46, 51.) “ Findings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination ”. (Matter of Gilbert v. Stevens, 284 App. Div. 1016.)
The general statements here in the answer and return of the respondent Zoning Board are not at all an adequate statement of facts to show the basis for its determination.