■ In the Matter of SHORELANDS, INC., Appellant, v RICHARD MATTHEW et al., Respondents. [646 NYS2d 560] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Southampton, dated April 15, 1993, which, after a hearing, imposed conditions upon the granting of the petitioner's application for a confirmation of the validity of certain pre-existing nonconforming uses, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Dunn, J.), dated December 29, 1994, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

A zoning board may impose conditions in conjunction with granting a variance as long as the conditions are reasonable and relate only to the real estate involved without regard to the owner or occupant (*see, Matter of St. Onge v Donovan,* 71 NY2d 507, 515-516; *Matter of Finger v Levenson,* 163 AD2d 477). The determination of a zoning board will be upheld provided that it has a rational basis and is supported by substantial evidence (*see, Matter of Fuhst v Foley,* 45 NY2d 441).

Here, the petitioner applied for a confirmation of certain pre-existing nonconforming commercial uses in an area that was subsequently rezoned for residential use only and for a variance with respect to an expansion of its bar and restaurant facilities. The expansion was undertaken without obtaining the required permits. The conditions imposed by the board, including discontinuance of such unauthorized uses as loud music and commercial parking for a fee, are proper because they relate directly to the use of the land and are intended to protect the neighboring residential properties from the possible adverse effects of the petitioner's operation, such as noise and traffic (*see, Matter of St. Onge v Donovan, supra,* at 516).

The petitioner's remaining contentions are without merit. Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.