■ In the Matter of PLANDOME DONUTS, INC., et al., Appellants, v DAVID MAMMIMA et al., Respondents. [692 NYS2d 111] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of North Hempstead, which, after a hearing granted the petitioners' application for a conditional use permit and parking variance subject to certain conditions, the petitioners appeal from a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated May 18, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

A zoning board may impose conditions in conjunction with granting a variance, so long as the conditions are reasonable and relate directly to the real estate involved without regard to the owner or occupant (*see,* Town Law § 267-b [4]; *Matter of St. Onge v Donovan,* 71 NY2d 507, 515-516; *Matter of Finger v Levenson,* 163 AD2d 477). The determination of a zoning board will be upheld provided it has a rational basis and is supported by substantial evidence (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Shorelands, Inc. v Matthews,* 230 AD2d 862, 863).

The contested condition imposed by the board, which requires that a reserved parking area be open to all retail and restaurant customers on Saturdays between 10:00 A.M. and 6:00 P.M., is proper because it relates directly to the use of the land and is intended to protect the neighboring commercial properties from the possible adverse effects of the petitioners' operation, such as the anticipated increase in traffic congestion and parking problems, which are particularly difficult on weekends (*see, Matter of St. Onge v Donovan, supra,* at 516; *Matter of Nardone v Zoning Bd. of Appeals,* 144 AD2d 807, 809).

The petitioners' remaining contention is without merit. Bracken, J. P., O'Brien, Krausman and McGinity, JJ., concur.