■ In the Matter of JOHN C. BAKER et al., Appellants, v HEATHER BROWNLIE et al., Respondents. [705 NYS2d 611] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Dering Harbor, dated May 16, 1998, which, *inter alia*, imposed various conditions upon the issuance of a building permit and the granting of an area variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (D'Emilio, J.), dated June 2, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provisions thereof which sustained conditions one, three, five, six, eight, and nine and substituting therefor provisions granting the petition to the extent of annulling conditions one, three, five, six, eight, and nine; as so modified, the judgment is affirmed, without costs or disbursements.

The instant appeal marks the third time that the petitioners have been forced to seek judicial intervention to overturn administrative determinations by, among other entities, the respondent Zoning Board of Appeals of the Village of Dering Harbor (hereinafter ZBA), thwarting their quest to construct a new front porch on their waterfront home (*see, Matter of Baker v Edwards,* 221 AD2d 436 [hereinafter *Baker I*]; *Matter of Baker v Brownlie,* 248 AD2d 527 [hereinafter *Baker II*]). In *Baker I,* this Court affirmed a judgment vacating a procedurally improper determination by the Dering Harbor Architectural Review Board which, following an initial approval by the building inspector, denied the petitioners' application to construct a concrete patio with a center pergola or arbor supported by two columns, with removable awnings on either side.

In *Baker II,* after the building inspector rescinded his approval and the respondent ZBA issued a determination denying the petitioners' application for an area variance and a building permit, this Court reversed, holding that the determination of the ZBA was arbitrary and capricious and directing the ZBA to issue the area variance and building permit "subject to any reasonable condition deemed necessary" (*Matter of Baker v Brownlie, supra,* at 528).

This appeal arises from the imposition by the ZBA of nine conditions, some of which again effectively preclude the petitioners from constructing the porch as proposed. We now annul several of those conditions as being unreasonable, arbitrary and capricious, or contrary to prior judicial determinations.

The law is settled that in considering applications for use or area variances, a zoning board is authorized to impose such reasonable conditions as (1) are directly related and incidental to the proposed use of the property, (2) are consistent with the spirit and intent of the zoning ordinance, (3) and minimize any adverse impacts resulting from the variance (*see, Matter of Charisma Holding Corp. v Zoning Bd. of Appeals,* 266 AD2d 540). Generally, conditions may be imposed to preserve the peace, comfort, enjoyment, health, or safety of the surrounding area (*see, Matter of St. Onge v Donovan,* 71 NY2d 507). Conditions must be reasonable and relate directly to the property involved without regard to its owner or occupant (*see, Matter of Plandome Donuts v Mammima,* 262 AD2d 491; *Matter of Shorelands, Inc. v Matthew,* 230 AD2d 862). However, if a zoning board imposes unreasonable or improper conditions, those conditions may be annulled although the variance is upheld (*see, Matter of St. Onge v Donovan, supra*).

As conditions one and six would preclude the construction of the center pergola, they are annulled. Notwithstanding that our decision in *Baker II* focused on issues surrounding the awnings and patio or porch deck, the petitioners have never withdrawn their proposal to construct the pergola supported by two permanent columns. Contrary to the contentions of the ZBA, the petitioners are not estopped from objecting to conditions one and six insofar as they would preclude the erection of the pergola. Rather, to the extent that these conditions would preclude the construction of the pergola they are annulled as inconsistent with this Court's order in *Baker II*.

Condition three required that the metal posts supporting the removable awnings be sunk two feet into the ground as a safety precaution. The ZBA failed to identify any relevant construction standard as the basis for this condition, and to that extent the condition is arbitrary and capricious. The posts supporting the awning need only be sunk to an appropriate depth consistent with any relevant building code provisions or construction standards.

Conditions eight and nine are annulled. Without setting forth any governing guidelines or standards, condition eight required the petitioners to satisfy the Village trustees "with respect to

the issue of parking". This amorphous condition bears no relation whatsoever to the issuance of the side-yard area variance in this case. Moreover, in *Baker II* this Court annulled the resolution of the ZBA containing a nearly identical parking condition. Accordingly, the ZBA is precluded from reimposing the same condition. Similarly, condition nine bears no relation to the requested area variance or building permit and is therefore annulled.

Condition five is arbitrary and capricious since it imposes unreasonable seasonal limitations upon the petitioners' use of the removable awnings they propose to install.

Contrary to the petitioners' unfounded contentions, however, conditions two and four, which, as the petitioners acknowledge, merely recite various dimensions and courses of the porch, are not arbitrary or capricious. Those conditions merely set forth the metes and bounds of the proposed patio/porch in accordance with the terms of the requested area variance. Indeed, the petitioners are not even aggrieved by these conditions. As an economy measure, the petitioners opted not to submit professionally-prepared architectural plans or drawings, relying instead on certain "sketches" and an amended survey of the property. As such, and with no professionally prepared plans, it was not improper for the ZBA to impose conditions two and four. For the same reasons, condition seven is not arbitrary and capricious in requiring the petitioners to submit plans for the approval of the building inspector prior to construction. Clearly the ZBA reasonably may insist upon the preparation of acceptable plans establishing, *inter alia*, that the manner in which the pergola is supported by columns and is affixed to the house complies with appropriate construction methods. Contrary to the petitioners' contentions, the Supreme Court in *Baker I* did not approve any construction plans but merely approved the application submitted to the Architectural Review Board which was based upon the petitioners' sketches. Thus, the ZBA acted appropriately insofar as condition seven requires the submission and approval of plans that comply with the pertinent provisions of the Village of Dering Harbor Code.

It is clear that the protracted litigation between the parties has been fueled by mutual antipathy. Both parties and their respective counsel have advanced arguments that border on the frivolous. Without making any legal determination as to the propriety of the abject refusal of the ZBA to permit the petitioner to even voice his objections at the purported hearing held on March 16, 1998, at which the conditions at issue herein

were imposed, it is apparent that certain members of the ZBA have behaved in a heavy-handed manner. Concomitantly, the petitioners have taken intransigent positions, intractably refusing to compromise. It is the profound hope of this Court that with this decision and order, this matter has been resolved, once and for all, and that the matter will not return to this, or any other court. Thompson, J. P., S. Miller, Florio and Schmidt, JJ., concur.