■ In the Matter of RAYMOND J. RICE, Appellant, v DAVID MAMMINA et al., Respondents. [731 NYS2d 390] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of North Hempstead, dated January 27, 1999, which, after a hearing, imposed certain conditions upon the granting of the petitioner's application for an area variance, including the maintenance of a fence along the petitioner's south property line, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), dated July 31, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified by deleting the provision thereof which confirmed so much of the determination as required the maintenance of a fence along the petitioner's south

property line and substituting therefor a provision permitting a fence set back five feet from the south property line; as so modified, the judgment is affirmed, with costs.

In a proceeding pursuant to CPLR article 78 to review a determination of a Zoning Board of Appeals, a court may not substitute its judgment for that of the Zoning Board if the determination is not arbitrary and capricious or an abuse of discretion (*see, Matter of Harwood v Board of Trustees*, 176 AD2d 291). The determination of the respondent Board of Zoning Appeals of the Town of North Hempstead (hereinafter the Board) which granted the variance subject to the condition that the fence not contain a gate was proper, since the condition directly concerns the use of the land and is a corrective measure designed to protect neighboring properties against possible adverse effects (*see, Matter of Plandome Donuts v Mammima*, 262 AD2d 491; *cf., Matter of St. Onge v Donovan*, 71 NY2d 507).

However, the wording of the Board's decision permitting the maintenance of a fence "along the south property line" is inconsistent with its written findings of fact, which expressly approved the fence being set back five feet from the south property line. Therefore, the judgment is modified by deleting the provision thereof which confirmed so much of the determination as required the maintenance of a fence along the petitioner's south property line, and substituting therefor a provision permitting a fence set back five feet from the property line. Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.