■ In the Matter of FRANK GOMEZ, Respondent, v ZONING BOARD OF APPEALS OF TOWN OF ISLIP, Appellant. [740 NYS2d 139] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Town of Islip, dated February 8, 2000, as imposed a condition upon the granting of an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered January 29, 2001, which annulled the condition and remitted the matter for the issuance of the requested variance without the condition.

Ordered that the judgment is affirmed, without costs or disbursements.

It is well settled that a zoning board is vested with great discretion (*see Kingsley v Bennett,* 185 AD2d 814, 815) and may impose conditions upon the granting of an area variance to preserve the peace, comfort, enjoyment, health, or safety of the surrounding area (*see Matter of Baker v Brownlie,* 270 AD2d 484, 485). Such conditions are deemed reasonable if they "(1) are directly related and incidental to the proposed use of the property, (2) are consistent with the spirit and intent of the zoning ordinance [and (3)] minimize any adverse impacts resulting from the variance" (*Matter of Baker v Brownlie, supra* at 485). However, where the record reveals illegality, arbitrariness, or abuse of discretion, a court may set aside a zoning board's determination (*see Kingsley v Bennett, supra*).

Here, the petitioner sought an area variance allowing the

construction of a two-story residence on a parcel of property smaller than that required under the zoning law. The appellant granted the variance but imposed a height restriction limiting the residence to a single story, stating that a larger home would accentuate the substandard size of the property. However, most of the homes in the area are two-story homes, and the width of the subject lot and the size of the area in front of the proposed home is similar to that of neighboring parcels. Thus, a two-story home on the subject lot would appear from the street to be no different than any other residence. Accordingly, the condition imposed by the zoning board was neither rational nor supported by substantial evidence (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington*, 87 NY2d 344, 351), and was properly annulled. S. Miller, J.P., Krausman, H. Miller and Adams, JJ., concur.