■ In the Matter of WILLIAM CONROY et al., Respondents, v TOWN OF WOODBURY ZONING BOARD OF APPEALS, Appellant, et al., Respondents. [800 NYS2d 762]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Town of Woodbury Zoning Board of Appeals dated June 25, 2003, as imposed various conditions upon the granting of an area variance, the Town of Woodbury Zoning Board of Appeals appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated January 29, 2004, as granted the petition and annulled the conditions.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"The law is settled that in considering applications for use or area variances, a zoning board is authorized to impose such reasonable conditions as (1) are directly related and incidental to the proposed use of the property, (2) are consistent with the spirit and intent of the zoning ordinance, (3) and minimize any adverse impacts resulting from the variance" (*Matter of Baker v Brownlie*, 270 AD2d 484, 485 [2000]; *see also* Town Law § 267-b [4]). Here, the appellant, Town of Woodbury Zoning Board of Appeals (hereinafter the Board), granted the petitioners' application for a side-yard variance subject, inter alia, to the condition that the petitioners plant 15 evergreen trees to provide screening for the adjacent property. While landscape screening can be required in many cases to mitigate adverse visual and noise impacts, the imposition of such a condition here was inconsistent with the Board's finding in granting the variance that "there has been no evidence that granting the variance would have an undesirable effect on the character of the neighborhood or adversely impact on the physical and environmental conditions in the neighborhood or district." Since the Board found that there would be no adverse impact to mitigate, the imposition of mitigating conditions was arbitrary and capricious, and was properly annulled by the Supreme Court (*see Matter of Baker v Brownlie, supra; see also Matter of St. Onge v Donovan*, 71 NY2d 507, 518-520 [1988]; *Matter of Rice v Mammina*, 287 AD2d 509, 510 [2001]).

In view of the foregoing, we do not reach the Board's remaining contentions. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.