In the Matter of VIRGINIA MARTIN et al., Appellants, v BROOKHAVEN ZONING BOARD OF APPEALS et al., Respondents. [825 NYS2d 244]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Brookhaven Zoning Board of Appeals dated February 27, 2004, which, after a hearing, imposed various conditions upon the granting of the petitioners' applica-

tion for subdivision approval and area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 6, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to review the imposition of condition six, and substituting therefor a provision granting that branch of the petition and annulling condition six; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioners own a 29,799 square foot parcel of property in the Town of Brookhaven. The property has been owned by the petitioners' family since the 1940's, when it was purchased as two separate lots, one improved with a single-family house, and one improved by a summer bungalow. The lots subsequently merged under the Town Zoning Code. In December 2003 the petitioners submitted an application to the respondent Brookhaven Zoning Board of Appeals (hereinafter the Board) seeking permission to subdivide the parcel back into two lots, demolish the bungalow on proposed lot 1, and replace it with a single-family residence. In connection with their application, the petitioners also sought several area variances. The Board granted the application, but imposed a number of conditions, including a requirement that the proposed property line be redrawn to equalize frontage on Long Island Avenue. The petitioners subsequently commenced this proceeding seeking to review the determination. The Supreme Court denied the petition in its entirety, and we now modify to annul one of the conditions imposed by the Board.

"A zoning board may, where appropriate, impose 'reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property', and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or a special permit" (*Matter of St. Onge v Donovan,* 71 NY2d 507, 515-516 [1988], quoting *Matter of Pearson v Shoemaker,* 25 Misc 2d 591, 592 [1960]; *see* Town Law § 267-b [4]). However, "if a zoning board imposes unreasonable or improper conditions, those conditions may be annulled although the variance is upheld" (*Matter of Baker v Brownlie,* 270 AD2d 484, 485 [2000]; *see Matter of Gomez v Zoning Bd. of Appeals of Town of Islip,* 293 AD2d 610 [2002]).

The Board imposed condition number six, requiring the proposed property line to be redrawn to equalize frontage on Long Island Avenue, based upon the recommendation of the Town's Department of Planning, Environment, and Develop-

ment (hereinafter the Planning Department). The apparent basis of the Planning Department's recommendation was a desire to bring the proposed lots into greater conformity with the surrounding neighborhood. However, the petitioners allege, and the Board does not dispute, that equalizing lot frontage on Long Island Avenue would result in running the property line between the two lots so that it nearly touches the petitioners' existing single-family residence and/or garage on proposed lot 2. There is no indication in the record that the Board considered the location of the petitioners' existing residence and garage in adopting the Planning Department's recommendation. Under these circumstances, condition six, requiring equalization of lot frontage on Long Island Avenue, was unreasonable, and should have been annulled (see Matter of Milt-Nik Land Corp. v City of Yonkers, 24 AD3d 446 [2005]; Matter of Conroy v Town of Woodbury Zoning Bd. of Appeals, 21 AD3d 957 [2005]; Matter of Gomez v Zoning Bd. of Appeals of Town of Islip, 293 AD2d 610 [2002]; Matter of Baker v Brownlie, supra).

The remaining conditions imposed by the Board were properly intended to minimize any adverse impacts resulting from the subdivision and variances in an area which is prone to surface flooding, and were not unreasonable. Florio, J.P., Adams, Krausman and Rivera, JJ., concur.