■ In the Matter of MARIE RENDELY, Respondent, v TOWN OF HUNTINGTON et al., Appellants, et al., Respondents. [843 NYS2d 668]—

In a proceeding pursuant to CPLR article 78 to review an amended determination of the Zoning Board of Appeals of the Town of Huntington dated September 18, 2002, which, after a hearing, imposed conditions upon the granting of the petitioner's application to erect an accessory building on her residential property, the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), entered December 9, 2005, as granted the petition in part, annulled the conditions imposed by the Zoning Board of Appeals of the Town of Huntington, and directed the Zoning Board of Appeals of the Town of Huntington to issue the necessary permits without conditions.

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to annul the condition imposed by the Zoning Board of Appeals of the Town of Huntington prohibiting the petitioner

from using the proposed structure as habitable living space and substituting therefor a provision denying that branch of the petition; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Arceri v Town of Islip Zoning Bd. of Appeals,* 16 AD3d 411, 412 [2005]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). "In applying the 'arbitrary and capricious' standard, a court inquires whether the determination under review had a rational basis. Under this standard, a determination should not be disturbed unless the record shows that the agency's action was 'arbitrary, unreasonable, irrational or indicative of bad faith' " (*Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 770 [2005], quoting *Matter of Cowan v Kern,* 41 NY2d 591, 599 [1977]). "As a general rule, zoning ordinances are in derogation of the common law and must be strictly construed against the municipality" (*Matter of Arceri v Town of Islip Zoning Bd. of Appeals,* 16 AD3d at 412). "However, this rule is subject to the limitation that where . . . it would be difficult or impractical for a legislative body to promulgate an ordinance which is both definitive and all-encompassing, a reasonable amount of discretion in the interpretation of the ordinance may be delegated to an administrative body or official" (*id.*). " 'A zoning board may, where appropriate, impose 'reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property,' and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or a special permit' " (*Matter of St. Onge v Donovan,* 71 NY2d 507, 515-516 [1988], quoting *Matter of Pearson v Shoemaker,* 25 Misc 2d 591, 592 [1960]; *see Matter of Martin v Brookhaven Zoning Bd. of Appeals,* 34 AD3d 811, 812 [2006]). However, if a zoning board imposes conditions that are unreasonable or improper, those conditions may be annulled (*see Matter of Martin v Brookhaven Zoning Bd. of Appeals,* 34 AD3d at 812; *Matter of Baker v Brownlie,* 270 AD2d 484, 485 [2000]).

It is undisputed that the petitioner's hearing testimony and the evidence that she submitted to the Zoning Board of Appeals in support of her application established that the ways in which she stated that she intended to use the proposed structure qualified as "accessory uses" (Town of Huntington Code § 198-2

[B]). Contrary to the Zoning Board of Appeals' apparent determination, the design features that were the subject of the first three conditions—a fireplace or wood burning stove, fixed interior stairs, and a second floor—did not remove the proposed structure from the ambit of the definition of "accessory building" (*id.*). Absent any evidence to the contrary, the inclusion of these elements in the structure would not necessarily alter the proposed building's otherwise acknowledged status as "a subordinate building, the use of which [would be] clearly incidental to or customarily found in connection with the main building" (*id.*). These design elements were not expressly prohibited in an accessory building under the Town of Huntington Code, and there was no evidence in the record to suggest that, by including them in the structure, the petitioner intended to use the structure as anything other than an accessory building for accessory uses. Rather, it appears that these concerns were based solely on the conjecture and speculation of members of the Zoning Board of Appeals (*cf. Matter of Eddy v Niefer,* 297 AD2d 410, 413 [2002]; *Matter of Kam Hampton I Realty Corp. v Board of Zoning Appeals of Vil. of E. Hampton,* 273 AD2d 385, 387 [2000]; *Matter of Frank v Scheyer,* 227 AD2d 558, 559 [1996]; *Matter of Pine Hill Concrete Mix Corp. v Town of Newstead Zoning Bd. of Appeals,* 161 AD2d 1187, 1188 [1990]). Accordingly, the Supreme Court properly annulled the first three conditions imposed in the Zoning Board of Appeals' determination. Conversely, the condition imposed by the Zoning Board of Appeals providing that the proposed accessory building may never be used as habitable living space was neither unreasonable nor improper, and was wholly consistent with the Town of Huntington Code (*see* Town of Huntington Code § 198-2 [B]; § 198-10 [G]).

The parties' remaining contentions are not properly before this Court or without merit. Miller, J.P., Ritter, Santucci and Dillon, JJ., concur.