■ In the Matter of JOHN M. VOETSCH et al., Appellants, v TEDD CRAVEN et al., Respondents. [852 NYS2d 225]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Harrison dated November 3, 2005, which, after a hearing, denied the petitioners' application for an area variance to permit the erection of a four-foot high stockade fence and imposed a condition on the granting of four additional area variances regarding the configuration of a parking lot requiring the petitioners to erect a chain at the entrance to the driveway of the parking lot to prevent overnight parking, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered August 4, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul the condition imposed on the granting of the four area variances requiring the petitioners to erect a chain at the entrance to the driveway of the parking lot to prevent overnight parking and substituting therefor a provision granting that branch of the petition and annulling that condition; as so modified, the judgment is affirmed, without costs or disbursements.

The petitioners purchased a building which the grantor had used for professional offices despite its location in a residential district in the Town of Harrison. The petitioners, establishing a law office and real estate business in the building, paved and expanded the existing parking lot and installed a stockade fence on the two property lines shared with the residence. In 1995 the

property was rezoned as a professional business district, and the Town required the petitioners to obtain a building permit for the parking lot. In 2003 the Town building inspector notified the petitioners that the 1995 permit had been issued in error because the petitioners had not complied with Town ordinances applicable to property in a professional business district.

The petitioners applied to the respondent Zoning Board of Appeals (hereinafter the Zoning Board) for area variances. Following a public hearing, the Zoning Board denied the variance to allow a four-foot high stockade fence, and granted all remaining variances with respect to the parking lot on condition that the petitioners install a chain across the entrance to the driveway to prevent overnight parking at all times when the petitioners' offices were not open.

Conditions may be imposed upon the granting of an area variance to preserve the peace, comfort, enjoyment, health, or safety of the surrounding area (*see Matter of Gomez v Zoning Bd. of Appeals of Town of Islip*, 293 AD2d 610 [2002]; *Matter of Baker v Brownlie*, 270 AD2d 484, 485 [2000]). "A zoning board may, where appropriate, impose 'reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property,' and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or a special permit" (*Matter of St. Onge v Donovan*, 71 NY2d 507, 515-516 [1988], quoting *Matter of Pearson v Shoemaker*, 25 Misc 2d 591, 592 [1960]; *see Matter of Martin v Brookhaven Zoning Bd. of Appeals*, 34 AD3d 811, 812 [2006]). However, if a zoning board imposes conditions that are unreasonable or improper, those conditions may be annulled (*see Matter of Martin v Brookhaven Zoning Bd. of Appeals*, 34 AD3d at 812; *Matter of Baker v Brownlie*, 270 AD2d at 485).

Here, although the condition requiring the petitioners to prohibit overnight parking had a rational basis in that it was directly related and incidental to the petitioners' use and minimized any adverse impact on the neighboring property resulting from the granting of the parking lot variances (*see Matter of Conroy v Town of Woodbury Zoning Bd. of Appeals*, 21 AD3d 957, 958 [2005]; Town Law § 267-b [4]), there was no such rational basis for the condition requiring that the parking lot's entrance be chained to prevent overnight parking.

Furthermore, the denial of the petitioners' application for an area variance with respect to the height of the stockade fence was not arbitrary or capricious. The Zoning Board properly applied Town Law § 267-b (3) (b) and balanced competing concerns to reach its determination (*see Matter of Pecoraro v Board of*

*Appeals of Town of Hempstead*, 2 NY3d 608, 612-613 [2004]). Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.