■ In the Matter of MICHAEL J. FAGAN, Appellant, v MARVIN L. COLSON et al., Respondents. [856 NYS2d 153]—

Contrary to the petitioner's contentions, the findings and conclusions of the respondent Zoning Board of Appeals of the Town of Brookhaven (hereinafter the Board) were amply supported by the evidence in the record, and its determination to deny the substantial variances requested by the petitioner was not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608 [2004]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]; *Matter of Tetra Bldrs. v Scheyer,* 251 AD2d 589 [1998]; *Matter of Becvar v Scheyer,* 250 AD2d 842 [1998]). The Board properly considered and weighed the factors enumerated in Town Law § 267-b (3) (b) (*see Matter of Sasso v Osgood,* 86 NY2d 374 [1995]), and its reliance upon the specific, detailed testimony of a neighbor of the petitioner which was based on personal knowledge did not render the determination the product of generalized and conclusory community opposition (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *cf. Matter of 450 Sunrise Highway v Town of Oyster Bay,* 287 AD2d 714 [2001]; *Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan,* 251 AD2d 333 [1998]). Similarly, the petitioner failed to present evidence to sustain his burden (*see Matter of Campo Grandchildren Trust v Colson,* 39 AD3d 746, 749 [2007]) of demonstrating that the Board's determination was inconsistent with a prior determination based on "essentially the same facts" (*Matter of North Shore F.C.P., Inc. v Mammina,* 22 AD3d 759, 761 [2005]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.