■ WELLS FARGO BANK, N.A., Respondent, v YVONNE CHAPLIN, Appellant, et al., Defendants. [42 NYS3d 209]—

In an action to foreclose a mortgage, the defendant Yvonne Chaplin appeals from (1) an order of the Supreme Court, Queens County (Agate, J.), dated July 16, 2013, which denied her motion, in effect, for leave to reargue her prior motion to vacate her default in appearing or answering the complaint, which had been denied in an order of the same court dated August 27, 2012, (2) an order of the same court dated November

15, 2013, which denied her motion for recusal, and (3) an order of the same court dated March 14, 2014, which denied her motion, in effect, for leave to reargue her prior motion, in effect, for leave to reargue, which was denied in the order dated July 16, 2013.

Ordered that the appeals from the orders dated July 16, 2013, and March 14, 2014, are dismissed; and it is further,

Ordered that the order dated November 15, 2013, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant Yvonne Chaplin failed to respond to the instant complaint seeking to foreclose a mortgage. In an order dated July 28, 2010, her motion to vacate her default on the ground of lack of personal jurisdiction was denied after a hearing, and this Court affirmed, holding that "[t]he plaintiff's evidence at the hearing was sufficient to sustain its burden of proving, by a preponderance of the evidence, that Chaplin was properly served with the summons and complaint" (*Wells Fargo Bank, N.A. v Chaplin*, 100 AD3d 744, 745 [2012]). Prior to the issuance of this Court's decision and order, Chaplin had again moved to vacate her default on the grounds of, inter alia, lack of jurisdiction and lack of standing. In an order dated August 27, 2012, the Supreme Court denied that motion.

In April 2013, Chaplin again moved to dismiss the complaint on the grounds of lack of jurisdiction and lack of standing. In an order dated July 16, 2013, the Supreme Court denied Chaplin's motion, holding that the motion was, in effect, one for leave to reargue her prior motion to vacate her default, which was denied in the order dated August 27, 2012. Chaplin appeals from the order dated July 16, 2013.

On August 19, 2013, Chaplin moved for the Supreme Court to recuse itself from the case. In an affidavit in support, Chaplin stated that the plaintiff's counsel told someone that he had a "special connection" to the Justice hearing the case. The court denied the motion in an order dated November 15, 2013. Chaplin appeals from that order.

In October 2013, Chaplin again moved to dismiss the complaint on the grounds of lack of jurisdiction and lack of standing. In an order dated March 14, 2014, the Supreme Court denied Chaplin's motion. Chaplin appeals from that order.

The orders dated July 16, 2013 and March 14, 2014 both denied what were, in effect, motions for leave to reargue. As no appeal lies from an order denying reargument, the appeals from both of these orders must be dismissed (*see Viola v Blanco*, 1 AD3d 506, 507 [2003]).

The Supreme Court providently exercised its discretion in denying Chaplin's motion for recusal. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal" (*People v Moreno*, 70 NY2d 403, 405 [1987]). "A court's decision in this respect may not be overturned unless it was an improvident exercise of discretion" (*D'Andraia v Pesce*, 103 AD3d 770, 771 [2013]). Denial of a motion for recusal is appropriate where, as here, the movant fails to set forth any proof of bias or prejudice on the part of the court which would have warranted recusal (*see Sassower v Gannett Co., Inc.*, 109 AD3d 607, 609 [2013]). Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.