In a proceeding pursuant to CPLR article 78 to review two determinations of the Zoning Board of Appeals of the Village of Rockville Centre, both dated May 30, 2014, which, respectively, after a hearing, imposed conditions upon the granting of the petitioner’s applications for a parking variance and a substantial occupancy permit, the Zoning Board of Appeals of the Village of Rockville Centre appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (Jaeger, J.), dated October 30, 2014, as denied that branch of its motion which was for recusal, (2) so much of an order of the same court dated December 23, 2014, as, in effect, directed that the petition be granted to the extent of annulling the conditions restricting hours of operation and requiring valet parking, (3) so much of an order of the same court (Peck, J.), dated February 23, 2015, as, upon reargument, adhered to the determination in the order dated December 23, 2014, directing that the petition be granted to the extent of annulling the conditions restricting hours of operation and requiring valet parking, and (4) so much of an order and judgment (one paper) of the same court dated March 10, 2015, as, upon the orders dated December 23, 2014, and February 23, 2015, granted those branches of the petition which were to annul the conditions restricting hours of operation and requiring valet parking; and the petitioner cross-appeals, as limited by its notice of appeal and brief, from (1) so much of the order dated February 23, 2015, as, in effect, denied its cross motion to compel the Zoning Board of Appeals of the Village of Rockville Centre to issue a permanent certificate of occupancy, and (2) so much of the order and judgment dated March 10, 2015, as, upon the order dated February 23, 2015, failed to award such relief.
 

 Ordered that the appeals from the orders dated October 30, 2014, December 23, 2014, and February 23, 2015, and the cross appeal from the order dated February 23, 2015, are dismissed; and it is further,
 

 Ordered that the order and judgment is reversed insofar as appealed from, on the law, those branches of the petition which were to annul the conditions restricting hours of operation and requiring valet parking are denied, and those portions of the proceeding are dismissed; and it is further,
 

 Ordered that the order and judgment is affirmed insofar as cross-appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the Zoning Board of Appeals of the Village of Rockville Centre.
 

 The appeals and cross appeal from the intermediate orders must be dismissed since an intermediate order made in a CPLR article 78 proceeding is not appealable as of right (see CPLR 5701 [b] [1]; Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola, 120 AD3d 822 [2014]), and any possibility of taking a direct appeal or cross appeal therefrom terminated with the entry of the order and judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]; Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 71 AD3d 1040 [2010]). The issues raised on the appeals and cross appeal from the orders are brought up for review and have been considered on the appeal and cross appeal from the order and judgment (see CPLR 5501 [a] [1]).
 

 The petitioner is the lessee of property located at 340 Sunrise Highway in the Village of Rockville Centre (hereinafter the subject property). In 2013, the petitioner sought to demolish the existing structure on the subject property and build a 5,400-square-foot restaurant. Given the square footage of the proposed structure, the Village’s Zoning Code (hereinafter the Zoning Code) required the petitioner to have 54 off-street parking spaces. The subject property did not have any off-street parking spaces.
 

 In applying for a building permit, the petitioner, as a means to remedy the lack of off-street parking spaces, proposed to merge the subject property’s lot with the adjoining property located at 330 Sunrise Highway, which was also owned by the lessor of the subject property. The petitioner anticipated that the proposed merger would allow it to utilize an exception to the Zoning Code’s off-street parking requirement for “interior restaurants that abut municipal parking fields.” The adjoining property was adjacent to a municipal parking lot.
 

 The Village’s Building Department then issued a building permit to the petitioner. When the petitioner’s restaurant was substantially completed, the Building Department discovered that the proposed merger between the subject property and the adjoining property had never taken place. As a result, before issuing a certificate of occupancy, the Building Department directed the petitioner to apply for a parking variance. The petitioner did so, relying on a license agreement which allowed the petitioner access to the adjoining property’s 40 exclusive parking spaces between 4:00 p.m. and 12:30 a.m. on Mondays through Fridays. On May 30, 2014, the Village’s Zoning Board of Appeals (hereinafter the ZBA) granted the parking variance but imposed several conditions, including that the restaurant’s operating hours be restricted to 4:00 p.m. through 12:30 a.m. on Mondays through Fridays, and that valet parking be mandatory. On the same day, the ZBA granted the petitioner’s application for a substantial occupancy permit, imposing the same conditions.
 

 Thereafter, the petitioner commenced this CPLR article 78 proceeding to review the ZBA’s determinations dated May 30, 2014, and to annul the conditions. During the proceeding, the ZBA moved, among other things, for recusal. The Supreme Court denied that branch of the ZBA’s motion. Subsequently, the court granted those branches of the petition which were to annul the conditions restricting the restaurant’s operating hours to after 4:00 p.m. during weekdays and requiring valet parking.
 

 Contrary to the ZBA’s contention, the Supreme Court providently exercised its discretion in denying that branch of its motion which was for recusal. “Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal” (People v Moreno, 70 NY2d 403, 405 [1987]; see Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 856 [2017]). “A court’s decision in this respect may not be overturned unless it was an improvident exercise of discretion” Wells Fargo Bank, N.A. v Chaplin, 144 AD3d 1021, 1023 [2016] [internal quotation marks omitted]). Denial of a motion for recusal is appropriate where, as here, the movant fails to set forth any proof of bias or prejudice on the part of the court which would have warranted recusal (see W & H Equities, LLC v Odums, 150 AD3d 1176 [2017]; Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d at 856; Wells Fargo Bank, N.A. v Chaplin, 144 AD3d at 1023).
 

 “A zoning board may, where appropriate, impose reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property, and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or special permit” (Matter of St. Onge v Donovan, 71 NY2d 507, 515-516 [1988] [internal quotation marks omitted]; see Village Law § 7-712-b [4]; Matter of Rendely v Town of Huntington, 44 AD3d 864, 865 [2007]). “However, ‘if a zoning board imposes unreasonable or improper conditions, those conditions may be annulled although the variance is upheld’ ” (Matter of Martin v Brookhaven Zoning Bd. of Appeals, 34 AD3d 811, 812 [2006], quoting Matter of Baker v Brownlie, 270 AD2d 484, 485 [2000]).
 

 Here, the ZBA’s conditions requiring valet parking and limiting the petitioner’s hours of operation to coincide with the hours of access to the 40 off-street parking spaces granted in the license agreement were proper because the conditions related directly to the use of the land and were intended to protect the neighboring commercial properties from the potential adverse effects of the petitioner’s operation, such as the anticipated increase in traffic congestion and parking problems (see Matter of Milt-Nik Land Corp. v City of Yonkers, 24 AD3d 446, 449 [2005]; Matter of Plandome Donuts v Mammima, 262 AD2d 491 [1999]; Matter of Moundroukas v Nadel, 223 AD2d 645, 646 [1996]; see also Matter of FNR Home Constr. Corp. v Downs, 57 AD3d 540, 542 [2008]). “ ‘The need to alleviate traffic congestion by requiring adequate parking facilities’ is a legitimate consideration for a zoning board of appeals” (Matter of FNR Home Constr. Corp. v Downs, 57 AD3d at 542, quoting Matter of II Classico Rest. v Colin, 254 AD2d 418, 420 [1998]).
 

 Contrary to the Supreme Court’s determination, the ZBA’s rationale was supported by empirical and testimonial evidence (cf. Matter of Kabro Assoc., LLC v Town of Islip Zoning Bd. of Appeals, 95 AD3d 1118, 1120 [2012]). The ZBA was entitled to rely on the testimony of the local store owners, since “a zoning board’s reliance upon specific, detailed testimony of neighbors based on personal knowledge does not render a variance determination the product of generalized and conclusory community opposition” (Matter of Ramapo Pinnacle Props., LLC v Village of Airmont Planning Bd., 145 AD3d 729, 731 [2016]; see Matter of Fagan v Colson, 49 AD3d 877, 878 [2008]). Their testimony was supported by the observation of the petitioner’s own expert that there is a great demand for parking in the area of the subject restaurant. Members of the ZBA were also entitled to rely on their own personal knowledge of the area in reaching their decision (see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 107 AD3d 708, 710 [2013], affd 24 NY3d 96 [2014]).
 

 The petitioner’s alternative grounds for affirmance on the ZBA’s appeals (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]) are without merit.
 

 Accordingly, those branches of the petition which were to annul the conditions restricting hours of operation and requiring valet parking must be denied, and those portions of the proceeding must be dismissed.
 

 Contrary to the petitioner’s contention on its cross appeal, the Supreme Court properly, in effect, denied the petitioner’s cross motion to compel the ZBA to issue a permanent certificate of occupancy. The record does not support the petitioner’s contention that the ZBA promised to issue a permanent certificate of occupancy upon the petitioner’s filing of a declaration of covenants and restrictions.
 

 Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.