Matter of Pepe Porsche of Larchmont v Planning Bd. of the Town of Mamaroneck (2023 NY Slip Op 02879)

Matter of Pepe Porsche of Larchmont v Planning Bd. of the Town of Mamaroneck

2023 NY Slip Op 02879

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-01942
 (Index No. 59092/19)

[*1]Matter of Pepe Porsche of Larchmont, respondent,
v
Planning Board of the Town of Mamaroneck, appellant.

William Maker, Jr., Mamaroneck, NY, for appellant.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Eric J. Mandell of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review so much of a determination of the Planning Board of the Town of Mamaroneck dated May 8, 2019, as imposed a condition identified as condition number 8 upon the granting of the petitioner's application for the renewal of a special use permit, and a determination of the Planning Board of the Town of Mamaroneck dated June 4, 2019, that the petitioner failed to satisfy condition number 8, the Planning Board of the Town of Mamaroneck appeals from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated January 8, 2020. The judgment, insofar as appealed from, granted that branch of the petition which was to annul the determination dated June 4, 2019, that the petitioner failed to satisfy condition number 8.
ORDERED that the judgment is affirmed insofar as appealed from, without costs or disbursements.
The petitioner operated an auto dealership on property located in the Town of Mamaroneck pursuant to a special use permit issued by the Planning Board of the Town of Mamaroneck (hereinafter the Planning Board). For more than 20 years, the special use permit was renewed every two years by the Planning Board. However, when the Planning Board granted the petitioner's application for the renewal of the special use permit in a determination dated May 8, 2019, the Planning Board imposed, for the first time, a condition, identified as condition number 8, requiring the petitioner to provide the Town Engineer with documentation showing that it had the right to use an area that was a part of the adjacent property owned by a third party (hereinafter the subject parking area), within 90 days of the Planning Board's determination, in order to prevent the annulment of the special use permit.
The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review so much of the determination as imposed condition number 8. The petitioner also challenged the Planning Board's subsequent determination that the petitioner failed to satisfy condition number 8 by providing documentation showing that it had permission to use the subject parking area from its landlord, who claimed ownership over the area via adverse possession. The Supreme Court, inter alia, granted that branch of the petition which was to annul the Planning [*2]Board's determination that the petitioner failed to satisfy condition number 8. The Planning Board appeals.
"A zoning board may, where appropriate, impose reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property, and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or special permit" (Matter of St. Onge v Donovan, 71 NY2d 507, 515-516 [internal quotation marks omitted]). "However, if a zoning board imposes conditions that are unreasonable or improper, those conditions may be annulled" (Matter of Rendely v Town of Huntington, 44 AD3d 864, 865).
Here, the condition requiring the petitioner to provide documentation showing that it had the right to use the subject parking area was unreasonable and improper as applied by the Planning Board, as there was no rational basis to require the petitioner to resolve the legal uncertainty surrounding the nonparty landlord's ownership of the subject parking area in order to satisfy the condition (see Matter of Voetsch v Craven, 48 AD3d 585, 586). Therefore, as the application of the condition was improper, it was arbitrary and capricious for the Planning Board to reject the landlord's letter stating that the petitioner had the right to use the subject parking area (see Matter of Conroy v Town of Woodbury Zoning Bd. of Appeals, 21 AD3d 957, 958; Matter of Baker v Brownlie, 270 AD2d 484, 486).
Accordingly, the Supreme Court properly granted that branch of the petition which was to annul the Planning Board's determination that the petitioner failed to satisfy condition number 8.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court