Matter of Bertault v Zoning Bd. of Appeals of Town of Southold (2026 NY Slip Op 01055)

Matter of Bertault v Zoning Bd. of Appeals of Town of Southold

2026 NY Slip Op 01055

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-05350
 (Index No. 623991/21)

[*1]In the Matter of Vincent Bertault, appellant,
vZoning Board of Appeals of Town of Southold, respondent.

Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellant.
Sokoloff Stern LLP, Carle Place, NY (Annemarie S. Jones and Marissa Embola of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of Town of Southold dated December 2, 2021, as, after a hearing, denied that branch of the petitioner's application which was for an area variance to install a swimming pool and granted that branch of the petitioner's application which was for an area variance relative to a front yard setback for a renovated dwelling only upon a condition that two off-street parking spaces be provided, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Linda Kevins, J.), dated May 9, 2023. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In June 2005, the petitioner purchased a property located in a historic residential district in the Town of Southold. The property, which is improved, among other things, with a single-family home, is a "through lot," fronting on Navy Street and Willow Street (Code of Town of Southold § 280-4[B]). Thus, the property effectively has two front yards.
In October 2020, the petitioner applied to the Town Building Department (hereinafter the Building Department), inter alia, for building permits to renovate and expand a single-family home (hereinafter the residence) to add living space and extend a front porch and to install an in-ground swimming pool. The Building Department denied the application on the grounds that the proposed work on the residence violated certain setback requirements and that the proposed swimming pool was not permitted pursuant to Code of Town of Southold § 280-15, which required such accessory structures to be located in a rear yard. The petitioner appealed the Building Department's determination to the Zoning Board of Appeals of the Town of Southold (hereinafter the ZBA) and sought, among other things, area variances to allow proposed work on the residence and installation of the swimming pool. After a public hearing, on December 2, 2021, the ZBA, inter alia, denied that branch of the petitioner's application which was for the area variance to install the swimming pool and granted that branch of the petitioner's application which was for the area variance pertaining to work on the residence only upon a condition that two off-street parking spaces [*2]be provided.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review so much of the ZBA's determination as denied that branch of the petitioner's application which was for the area variance to install the swimming pool and granted that branch of the petitioner's application which was for the area variance pertaining to work on the residence only upon a condition that two off-street parking spaces be provided. In a judgment dated May 9, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
In deciding whether to grant an application for an area variance, a zoning board "is required to engage in a balancing test that weighs the benefit to the applicant if the variance is granted against the detriment to the health, safety, and welfare of the neighborhood or community" (Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877 [internal quotation marks omitted]; see Town Law § 267-b[3][b]). In so doing, the zoning board must consider "'(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance'" (Matter of Sasso v Osgood, 86 NY2d 374, 382, quoting Town Law § 267-b[3][b]; see Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of Town of E. Hampton, 205 AD3d 1019, 1021).
"Local zoning boards have broad discretion in considering variance applications, and judicial review is limited to determining whether the action taken by the board was affected by an error of law, arbitrary and capricious, or an abuse of discretion" (Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d 729, 730; see CPLR 7803[3]). A determination is not arbitrary and capricious where it has a rational basis, that is, where it has some objective factual basis (see Matter of Gibson v Commissioner of N.Y. State Dept. of Motor Vehs., 223 AD3d 667, 668; Matter of White Birch Circle Realty Corp. v DeChance, 212 AD3d at 730).
Contrary to the petitioner's contention, the ZBA's denial of that branch of his application which was for an area variance to install a swimming pool was not arbitrary and capricious. The petitioner improperly seeks to rely upon evidence regarding a variance granted to a neighbor, which was not submitted to the ZBA (see Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent, 202 AD3d 975, 979). "'Judicial review of administrative determinations is confined to the facts and record adduced before the agency'" (id. at 978, quoting Matter of Yarbough v Franco, 95 NY2d 342, 347). Moreover, the petitioner did not demonstrate that the ZBA's determination was inconsistent with a prior determination made on "essentially the same facts" (Matter of Fagan v Colson, 49 AD3d 877, 878 [internal quotation marks omitted]; see Matter of Kaiser v Town of Islip Zoning Bd. of Appeals, 74 AD3d 1203, 1205). In addition, there was an objective factual basis for the ZBA's findings that an area variance to install a swimming pool in a front yard, particularly given the swimming pool's design and the lack of proposed screening, would produce an undesirable change in the historical character of the neighborhood or a detriment to nearby properties, that the variance sought was substantial, and that the hardship was self-created (see Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d at 878).
"A zoning board may, where appropriate, impose reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property, and aimed at minimizing the adverse impact to an area that might result from the grant of a variance" (Matter of St. Onge v Donovan, 71 NY2d 507, 515-516 [internal quotation marks omitted]; see Town Law § 267-b[4]; Matter of Martin v Brookhaven Zoning Bd. of Appeals, 34 AD3d 811, 812). Here, the condition imposed by the ZBA was directly related to and incidental to the proposed use of the property and was not unreasonable (see Matter of Martin v Brookhaven Zoning Bd. of Appeals, 34 AD3d at 813).
Accordingly, we affirm the judgment.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court