■ In the Matter of Carroll K. Davis, Appellant, v. W. Kingsbury et al., Constituting the Medical Appeals Unit of the Workmen's Compensation Board of the State of New York, et al., Respondents.— Judgment dismissing the petition herein affirmed, without costs or disbursements. In April, 1965 petitioner, a physician, was granted a rating of XFM-7 by the Medical Appeals Unit of the Workmen's Compensation Board to treat claimants under the Workmen's Compensation Law. This was in response to petitioner's application to be given an SFM-7 rating. In May, 1966 petitioner again requested an SFM-7 rating and, after a hearing by the Medical Appeals Unit, his application was denied in November, 1966. Petitioner thereupon instituted this article 78 proceeding. The proceeding was timely if the ruling made in November, 1966

be deemed applicable for a cut-off date, but not if the 1965 ruling be deemed final. We agree with Special Term's determination that the latter is the appropriate date. Obviously both applications sought the same relief. A second application to obtain the same relief is merely an appeal for reconsideration which does not extend the time for review (*Matter of Hall* v. *Leonard*, 260 App. Div. 591; *Matter of Nelson* v. *Kelly*, 4 A D 2d 596; *Matter of Karaffa* v. *Simon*, 14 A D 2d 978). It is of course different where the second hearing is mandated (*Matter of Feller* v. *Wagner*, 7 A D 2d 126) or where a different factual presentation is invited by the authority in question (*Matter of Francisco* v. *O'Connell*, 33 Misc 2d 555) or entertained by it (*Matter of Camperlengo* v. *State Liq. Auth.*, 16 A D 2d 342). But the mere fact that the authority — here the Medical Appeals Unit — grants a formal hearing does not determine that the application is a new and separate proceeding any more than a decision similar to an earlier one would make a valid second application an application for reconsideration (see *Feller* v. *Wagner*, *supra*). Here Special Term decided, we believe correctly, that the essential similarity of the proof offered on both hearings made the second a mere request for a rehearing. Concur — Stevens, J. P., Steuer and McNally, JJ.; Eager and Capozzoli, JJ., dissent in the following memorandum by Capozzoli, J. I dissent and vote to reverse. In September, 1966, petitioner reapplied for authorization to practice medicine under the Workmen's Compensation Law with a rating of SFM-7, and, after receiving a formal and full hearing, " [t]he Medical Appeals Unit reviewed the application and qualifications of Dr. Davis and, after due deliberation, unanimously * * * [affirmed the action of the New York Medical Society and denied] the request of Dr. Carroll K. Davis for a change in his rating ". (Decision of M. A. U. dated November 30, 1966, which was affirmed by the Chairman of the Workmen's Compensation Board in January, 1967.) The consideration of the matter by the respondents, in 1966–1967, " appears to have been a fresh, complete and unlimited examination into the merits. [Their] determination upon such a reconsideration, when made, amounted to a final determination which was reviewable by an article 78 proceeding instituted within four months thereafter [citing cases] ". (*Matter of Camperlengo* v. *State Liq. Auth.*, 16 A D 2d 342, 344.) The record clearly establishes that there was new consideration and new action by respondents. " That the result was the same does not negative the depth or scope of the re-examination which * * * was fresh and plenary ". (*Matter of Feller* v. *Wagner*, 7 A D 2d 126, 129.) In addition, it appears that petitioner had a statutory right to re-apply for the changed rating. Subdivision 2 of section 13-b of the Workmen's Compensation Law provides that a " licensed physician may present to the medical society or board, evidences of additional qualifications *at any time subsequent to his original application*. If the medical society or board fails to recommend to the chairman that a physician be authorized to render medical care under this chapter, the physician may appeal to the medical appeals unit." (Emphasis added.) This is precisely what petitioner did, and, accordingly, it is manifestly unfair and misleading for respondents to seek to defeat the instant application on the ground that more than four months have elapsed since the initial, 1965, determination. The only thing that petitioner has been guilty of is compliance with the applicable provisions of the Workmen's Compensation Law.