■ In the Matter of ANA QUALEY, Appellant, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State commissioner, dated July 18, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for medical assistance, the appeal is from so much of a judgment of the Supreme Court, Kings County, dated January 17, 1978, as dismissed the petition. Judgment affirmed insofar as appealed from, without costs or disbursements. On February 15, 1973 petitioner Ana Qualey sold her Woodhaven, Queens home, realizing a net sum of $24,657.90. She then moved in with one of her four children. Less than one month later, on March 9, 1973, she transferred to each of her children the sum of $3,000 from the proceeds of the sale of her home. According to the petition herein, this transfer was in partial repayment of the financial and emotional support petitioner's children had given her since 1937, when she was widowed. Less than one month

after this transfer, on April 5, 1973, petitioner moved into a nursing home in Brooklyn, where she has since resided. On June 28, 1974, petitioner transferred a further sum of $2,000 to each of her children. The petition alleges that this transfer constituted further repayment for the assistance petitioner's children had provided her. On or about December 26, 1974 petitioner applied for medical assistance pursuant to title 11 of article 5 of the Social Services Law. The application was denied by the respondent New York City Department of Social Services on February 20, 1975. On August 25, 1975, after a fair hearing, the respondent Commissioner of the New York State Department of Social Services, affirmed this determination, finding that petitioner had failed to overcome the statutory presumption of Social Services Law (§ 366, subd 1, par [e]), which provides: "1. Medical assistance shall be given under this title to a person who requires such assistance and who * * * (e) has not made a voluntary assignment or transfer of property for the purpose of qualifying for such assistance. A transfer of property made within one year of the date of application shall be presumed to have been made for the purpose of qualifying for such assistance." Petitioner did not seek judicial review of this determination. Instead, about two months later on October 22, 1975, petitioner applied for medical assistance a second time. This application was denied by the local agency on December 29, 1975 and on March 23, 1976 the State commissioner affirmed the determination after a fair hearing. Despite the fact that this second application was clearly brought more than one year after petitioner's second and last transfer of money to her children, and therefore was not within the applicable period of the presumption of Social Services Law (§ 366, subd 1, par [e]), the State commissioner ruled that "the evidence presented by the appellant [petitioner] at the fair hearing was insufficient to overcome [the] statutory presumption". Nonetheless, petitioner again failed to seek judicial review of the commissioner's determination. On September 24, 1976, petitioner applied for medical assistance for a third time. This application was denied by the local agency on April 13, 1977 and petitioner appealed to the State commissioner. At the ensuing fair hearing the hearing officer ruled that petitioner's representatives were foreclosed from introducing evidence on the question of petitioner's intent in transferring the proceeds of the sale of her home, because the State commissioner had already ruled on that issue. Accordingly, the only issue on which evidence was taken was whether the proceeds from the sale of the house had been expended on petitioner's medical care. Based upon the evidence adduced at the hearing the State commissioner affirmed the denial of petitioner's application. As to the purpose of petitioner's transfer of the proceeds of the sale of her home, the State commissioner stated: "At the hearing it was contended that since the current application for medical assistance was made more than two years after the transfer, the presumption in law that the transfer was made to qualify for medical assistance, is not applicable. Inasmuch as the Commissioner has determined that the transfer of property was made for the purpose of qualifying for medical assistance, and no new evidence was presented, there is no issue to be determined with regard to the transfer of property." The State commissioner agreed with the local agency's calculation that petitioner had resources of $11,600 available for her medical expenses. He gave petitioner leave to reapply for medical assistance at such time as the surplus was eliminated. By order to show cause dated November 18, 1977, petitioner commenced the instant proceeding. Special Term dismissed the petition, finding that petitioner (1) was bound by the two prior determinations of the State commissioner, and (2) had failed to show that

the third determination was arbitrary, capricious and unreasonable. We agree that this petition must be dismissed, but we base our conclusion solely upon the ground that petitioner failed to commence this proceeding within the applicable period of limitations. That period is set forth in CPLR 217: "Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner". It is well settled that "An application to reconsider an administrative board's determination * * * does not extend, by the making and rejection thereof, the four-month statutory period under CPLR 217 within which to seek a review of the determination" (Matter of Fiore v Board of Educ., 48 AD2d 850, affd 39 NY2d 1016). Further, "A second application to obtain the same relief is merely an appeal for reconsideration which does not extend the time for review" (Matter of Davis v Kingsbury, 30 AD2d 944, 945, affd 27 NY2d 567). In the instant case, petitioner's second and third applications are analytically identical. Each sought the same relief. Each presented the same issue for determination, to wit, whether petitioner transferred a portion of the proceeds of the sale of her home for the purpose of qualifying for medical assistance. At each of the fair hearings on these applications petitioner attempted to make the same showing, to wit, that her transfer of money to her children was intended as partial repayment for their financial and emotional assistance to her over the years, not as an attempt to qualify for medical assistance. Finally, both of these applications were made more than one year after petitioner's second and last transfer of property and therefore were not properly subject to the statutory presumption of Social Services Law (§ 366, subd 1, par [e]). Under these circumstances, we conclude that the third application was merely an appeal for reconsideration of the second, and as such did not extend the time for review (cf. Matter of Davis v Kingsbury, 30 AD2d 944, affd 27 NY2d 567, supra). Since the instant proceeding was brought more than 19 months after the State commissioner's determination of the second application, this proceeding is without question untimely. The fact that the State commissioner applied the statutory presumption in determining petitioner's second application, despite the fact that that application was not brought within the presumption period, does not serve to extend the period of limitations. Petitioner's remedy was to seek judicial review of that determination. Upon this disposition we are not required to reach the questions of whether the State commissioner's previous determinations were res judicata of petitioner's third application, or whether the instant determination was arbitrary and capricious, and we do not do so. Mollen, P. J., Suozzi, Rabin and Martuscello, JJ., concur.