■ In the Matter of HAROLD UTTER et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF THOMPSON, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered January 17, 1979 in Sullivan County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent. Petitioners desire an area variance from the zoning ordinance of the Town of Thompson so that they may construct an addition onto their summer residence on Wanasink Lake. On June 9, 1978, they applied for a building permit for the project, and it was denied because the proposed addition violated the zoning ordinance with regard to required side yard setbacks in an R-1 zone without central water or sewers. As a result, they sought relief from respondent zoning board of appeals, and, following a public hearing on the matter, respondent refused to grant them an area variance for the addition as planned, but indicated that they should submit "a revised plan for a smaller, more reasonable addition" to the existing dwelling. The instant proceeding ensued, and Special Term denied the requested relief and dismissed the petition. We hold that Special Term's order should be affirmed. Applying the appropriate and firmly established standard for cases such as this, respondent concluded that petitioners had not proven any practical difficulties which would result from strict compliance with the zoning ordinance so as to entitle them to an area variance (see Matter of Cowan v Kern, 41 NY2d 591, mot for rearg den 42 NY2d 910), and this determination has a rational basis and should not be disturbed. It is uncontested that the property in question, a single-family dwelling, can be used for its intended purpose without any conflict with the zoning ordinance, and while petitioners may consider the dwelling inadequate in size to accommodate their six-member family, their predicament is self-created because the number in their family has not increased since their purchase of the property (see Matter of De Sena v Board of Zoning Appeals of Inc. Vil. of Hempstead, 45 NY2d 105). Additionally, petitioners have not demonstrated any significant economic hardship which they will suffer because of the denial of the variance since they were admittedly able to buy the property at far below the regular asking price (see Matter of National Merrit v Weist, 41 NY2d 438), and, despite their contention to the contrary, the proposed addition clearly conflicts with article 6 of the zoning ordinance by increasing the degree of the dwelling's nonconformity with the ordinance. Moreover, it is likewise noteworthy that petitioners have apparently failed to respond to the zoning board's suggestion that they submit a revised plan which would require a variance of lesser magnitude (see Matter of Consolidated Edison Co. of N. Y. v Hoffman, 43 NY2d 598). Under all these circumstances, the board could reasonably conclude that to grant the requested variance would be unjustifiable and contrary to the intent and purpose of the zoning ordinance because it would increase congestion in an already congested area. Accordingly, its determination should not be disturbed. Judgment affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.