■ In the Matter of MARY C. DE NICOLA, Appellant, v NICHOLAS SCARPELLI et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Incorporated Village of New Hyde Park, which, after a hearing, imposed certain conditions upon the granting of petitioner's application for a special use permit, the appeal is from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered March 28, 1984, which granted a motion to dismiss the petition on the ground that the proceeding was not timely commenced in accordance with Village Law § 7-712 (3).

Judgment reversed, with costs, motion denied, petition reinstated, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

Petitioner, the owner of a gasoline service station, commenced the instant proceeding on or about December 20, 1983, in response to a decision by the respondent Board of Zoning Appeals of the Incorporated Village of New Hyde Park, which imposed certain conditions upon the granting of petitioner's application for a special use permit. The Board moved to dismiss the proceeding on the ground that petitioner had failed to institute it "within thirty days after the filing of a decision in the office of the village clerk" as required by Village Law § 7-712 (3). Special Term granted the motion, and this appeal followed.

Despite the fact that Village Law § 7-712 does not contain a provision requiring the service of a notice of the Board's determination on any party (see, Pagliaroli v Zoning Bd. of Appeals, 66 AD2d 997), the Board nevertheless sent petitioner a copy of its decision which bore a specific filing date. Although the Board now contends that the decision was, in fact, filed prior to the date indicated in its notice, and justifies the discrepancy as "an unfortunate and excusable error", petitioner should not be penalized for relying upon information provided to her by the Board. In addition, while petitioner submitted documentary evidence in support of her position, the Board, the party which moved for dismissal, has merely presented numerous affidavits containing conflicting filing dates. On this record, any error regarding the actual filing date is not attributable to the petitioner and she should not be precluded thereby from obtaining judicial review of the determination. Since the uncertainty as to the actual filing date was created by the Board, albeit inadvertently, the latter must "abide by reasonable delays which it alone [has] engendered" (Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358; Matter of Slocum v Board of Educ., 101 AD2d 969). Accordingly, we conclude that Special Term erroneously dismissed the proceeding, and that the petition should be reinstated and the matter remitted to the Supreme Court, Nassau County for a determination on the merits. Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.