■ In the Matter of RICHARD M. HEYSLER et al., Respondents, v STEVE PARK et al., Constituting the Zoning Board of Appeals of the City of Sherrill, et al., Appellants.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Special Term should have dismissed this CPLR article 78 proceeding brought to annul the determination of respondent, Zoning Board, as untimely commenced.

The Zoning Ordinance requires a three-foot setback from the side and rear lot lines. Previously, petitioners requested an area variance to construct a new garage 1½ feet from the side and rear lot lines. The Board did not grant the application as requested, but, instead, granted an area variance permitting petitioners to build a garage "on the same basic location as the one removed with no overhangs to be any closer to your neighbor's lines than three (3) feet."

Petitioners surmised that the Board was mistaken concerning the setback of the eaves on the old garage, which were only two feet from the lot lines, and after the Code Enforcement Officer refused to interpret the Board's decision, petitioners commenced construction of the new garage two feet from the lot lines. After the city cited petitioners for a

violation of the Zoning Ordinance, petitioners applied for a variance permitting them to retain their garage as constructed two feet from the lot lines. At the hearing, petitioners presented no new facts justifying the granting of an area variance, but attempted to persuade the Board that it was mistaken concerning the location of the old garage. The Board denied the variance and petitioners commenced this proceeding within 30 days of the filing of the decision denying the variance, but more than 30 days from the filing of the decision on the original application (see, General City Law § 82 [1]).

Whether the Board's determination can be described as a denial of an application for reconsideration of the prior determination or as the denial of a new application for the same relief previously requested, it cannot serve to extend the original limitations period. A second hearing to obtain the same relief does not extend the time for review unless a rehearing is mandated or new facts are presented to the Board (see, Matter of Qualey v Shang, 70 AD2d 619; Matter of Davis v Kingsbury, 30 AD2d 944, 945, affd 27 NY2d 567; Matter of Hall v Leonard, 260 App Div 591, 595, affd 285 NY 719). Because there is no statutory right to a rehearing, petitioners' request that the Board reconsider its determination did not serve to extend the limitations period (see, Matter of De Milio v Borghard, 55 NY2d 216). "The rule that the * * * limitations period begins to run on the date that the determination to be reviewed becomes final and binding would be completely emasculated if the petitioner could extend the commencement of this period by merely requesting that reconsideration be given to a prior decision because it is asserted that the earlier decision was based upon facts which were misconstrued" (Matter of De Milio v Borghard, supra, at 222).

Were we to reach the merits of the appeal, we would reverse the order of Supreme Court and uphold the Board's determination. The Board's finding that practical difficulties justified the granting of the original variance did not entitle petitioners to a greater variance. Section 41 (2) (a) of the Zoning Ordinance of the City of Sherrill authorizes the Board to grant a variance on the condition "that the variance granted by the Board is the minimum variance that will provide for the reasonable use of the property". The denial of a variance will not be considered arbitrary if a variance of lesser magnitude will mitigate the alleged hardship or practical difficulties to the landowner (Gottlieb v Board of Appeals, 139 AD2d 617; Matter of Utter v Zoning Bd. of Appeals, 72 AD2d 659). Petitioners made no showing that compliance with

the conditions originally imposed by the Board would result in practical difficulties apart from the additional expense involved in relocating the new garage. The Board had no obligation to consider that expense, which was clearly self-imposed *(see, Matter of J.T.T. Contrs. v Ward,* 148 AD2d 537; *Matter of Sorrenti v Siegel,* 138 AD2d 382, *lv denied* 73 NY2d 702; *Matter of CDK Rest. v Krucklin,* 118 AD2d 851). Because petitioners proceeded to construct their new garage in violation of the conditions imposed by the Board, their present difficulties are of their own making and they must assume the expense of dismantling or relocating the garage. (Appeal from judgment of Supreme Court, Oneida County, Tenney, J.—art 78.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.