■ In the Matter of Rose A. Caputo et al., Appellants, v H. Carl McCall, as New York State Comptroller, et al., Respondents. [671 NYS2d 827] —Crew III, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 6, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

Petitioner Rose A. Caputo and petitioner Elaine Cagen were appointed to the exempt, ungraded position of Workers' Compensation Law Judge (hereinafter WCLJ) in 1974 and 1981, respectively, and continued to serve in that capacity

until their respective retirements in 1995. As members of an exempt class, petitioners' salaries were determined by respondent Comptroller and respondent Director of the Budget, who had allocated petitioners' positions to civil service grade 28. It appears that the WCLJ position was reclassified in 1990 as a grade 28 competitive class position.

In January 1993, petitioners' collective bargaining representative, the Public Employees Federation (hereinafter PEF), requested that the Comptroller provide information as to the manner in which petitioners' salaries had been calculated. This request apparently stemmed from petitioners' belief that two of their fellow WCLJs were receiving higher salaries. By response dated June 24, 1993, the Comptroller advised PEF that petitioners' salaries equated to a grade 28 and had been correctly calculated. Petitioners' subsequent applications for reallocation to civil service grade 30 were denied by the Director of Classification and Compensation in March 1994 and, in August 1994, petitioners' administrative appeal of that determination was denied by respondent Civil Service Commission.

Thereafter, in January 1996, petitioners again raised the issue of their salaries with the Comptroller requesting, *inter alia*, that they be awarded back pay for the difference between their salaries and those of their colleagues. By letter dated April 11, 1996, the Comptroller reiterated that "the original salary determinations made [with respect to petitioners] were proper and correct". Petitioners then commenced this proceeding on August 7, 1996 to challenge that determination. Supreme Court subsequently granted respondents' preanswer motion to dismiss, finding that the petition was a "much belated request for reconsideration of the [June 23, 1993 decision] which clearly found that petitioners were correctly being paid at the Grade 28 rate" and, hence, the instant proceeding was time barred. This appeal by petitioners ensued.

We affirm. Although petitioners contend that the June 24, 1993 and April 11, 1996 determinations addressed different issues and, therefore, the existence of the former should not bar review of the latter, we cannot agree. The argument advanced by petitioners—that they were not being paid at the proper rate—and the position taken by the Comptroller—that petitioners salaries had been correctly calculated—was precisely the same in 1993 as it was in 1996. Under these circumstances, Supreme Court appropriately concluded that petitioners' 1996 application for relief was nothing more than a request for reconsideration of the Comptroller's 1993 determination and, therefore, the instant proceeding was time barred (*see, Matter*

*of Davis v Kingsbury*, 30 AD2d 944, *affd* 27 NY2d 567; CPLR 217).

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.