■ In the Matter of RITA GENTILE et al., Appellants, v VILLAGE OF TUCKAHOE ZONING BOARD OF APPEALS et al., Respondents. [929 NYS2d 167]—

The petitioners are the owners of residential premises located in the Village of Tuckahoe. In 2001 they applied for a permit, inter alia, to reconstruct the existing retaining walls in their backyard. During the process of reconstructing the retaining walls, the petitioners also reconstructed a curved, existing exterior stairway in the backyard. In 2006 it was discovered that the stairway was in violation of the Village of Tuckahoe Zoning Code, which required that "no side yard shall be less than four feet in width" (Village of Tuckahoe Zoning Code § 2-4.4 [f] [2]).

The petitioners filed an application with the Village of Tuckahoe Zoning Board of Appeals (hereinafter the ZBA) for an area variance to continue the use of the stairs. After a hearing, the ZBA, in a determination dated January 14, 2009, granted the area variance, subject to the condition that the existing stairway be set back at least two feet from the westerly boundary of the premises. The petitioners then commenced this proceeding pursuant to CPLR article 78 to review so much of

the ZBA's determination as imposed the condition. The Supreme Court denied the petition. We reverse.

Initially, the instant proceeding was not time-barred. The ZBA failed to present sufficient evidence to establish that the petition was filed more than 30 days after the ZBA filed its determination with the Village Clerk and, thus, failed to demonstrate that this proceeding was not timely commenced (see Village Law § 7-712-c [1]; Matter of De Nicola v Scarpelli, 112 AD2d 421 [1985]).

With respect to the merits of the proceeding, we conclude that the condition imposed by the ZBA was arbitrary and capricious. "A zoning board may, where appropriate, impose 'reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property', and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or special permit" (Matter of St. Onge v Donovan, 71 NY2d 507, 515-516 [1988], quoting Matter of Pearson v Shoemaker, 25 Misc 2d 591, 591-592 [1960]). "However, 'if a zoning board imposes unreasonable or improper conditions, those conditions may be annulled although the variance is upheld' " (Matter of Martin v Brookhaven Zoning Bd. of Appeals, 34 AD3d 811, 812 [2006], quoting Matter of Baker v Brownlie, 270 AD2d 484, 485 [2000]).

Here, the condition that the stairway be set back at least two feet from the westerly boundary of the premises was unreasonable, as there was no evidence adduced at the hearing that compliance with such a condition would be feasible (see Matter of Martin v Brookhaven Zoning Bd. of Appeals, 34 AD3d at 812-813). The record reveals that the stairway was adjacent to or attached to a retaining wall. However, there was no evidence in the record as to whether part of the retaining wall would have to be moved in order to comply with the condition, or as to the possible adverse effects of moving part of the retaining wall. Furthermore, there was a lack of evidence in the record as to the feasibility of narrowing the steps. Under these circumstances, the condition imposed by the ZBA was arbitrary and capricious and, accordingly, so much of the ZBA's determination as imposed the condition should have been annulled (see Baker v Brownlie, 270 AD2d at 485). Rivera, J.P., Skelos, Hall and Austin, JJ., concur.