— In an action, inter alia, for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, *507 J.), dated September 29, 2010, which denied her motion to direct the defendants to comply with a prior order of the same court dated September 17, 2009, by moving an exterior stairway located on their property, and to direct the defendants to remove certain fixtures and plants that allegedly encroached on the plaintiffs property.
Ordered that the order dated September 29, 2010, is affirmed, with costs.
The Supreme Court correctly denied that branch of the plaintiffs motion which was to direct the defendants to comply with its prior order dated September 17, 2009, by moving an exterior stairway located on their property, as the prior order did not affirmatively direct the defendants to move the stairway, but rather stated only that the plaintiff was entitled to certain declaratory relief. Further, we note that during the pendency of the instant appeal, in a separate appeal taken from a judgment in a related CPLR article 78 proceeding, this Court annulled so much of a determination of the Village of Tuckahoe Zoning Board of Appeals as, upon granting the defendants’ application for an area variance, imposed a condition that the defendants move the subject stairway (see Matter of Gentile v Village of Tuckahoe Zoning Bd. of Appeals, 87 AD3d 695, 696 [2011]).
The plaintiff also failed to demonstrate her entitlement to an order directing the defendants to remove the fixtures and plants that allegedly encroached on her property (see RPAPL 871; Broser v Schubach, 85 AD3d 957 [2011]; Town of Fishkill v Turner, 60 AD3d 932, 933 [2009]; see also Marsh v Hogan, 81 AD3d 1241, 1242 [2011]).
The plaintiff’s remaining contentions are without merit. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.