Matter of Lohman v Egan (2019 NY Slip Op 03178)





Matter of Lohman v Egan


2019 NY Slip Op 03178


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


287 CA 18-02135

[*1]IN THE MATTER OF ROBERT J. LOHMAN, PETITIONER-APPELLANT,
v
THERESA L. EGAN, EXECUTIVE DEPUTY COMMISSIONER, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, RESPONDENT-RESPONDENT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (John J. Ark, J.), entered April 13, 2018 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this CPLR article 78 proceeding, petitioner appeals from a judgment that, inter alia, granted respondent's motion to dismiss the petition on the ground that it was untimely. The petition sought to annul a determination of respondent's appeals board (appeals board) affirming the denial of petitioner's application to reinstate his driver's license.
Respondent revoked petitioner's driver's license for a period of one year, effective May 9, 2013, as a result of his refusal to submit to a chemical test. After one year, petitioner applied for relicensing. Respondent denied his application on the ground that petitioner had three alcohol- or drug-related driving convictions or incidents within the 25-year look-back period, and thus petitioner was barred from applying for relicensing until five years after the completion of the one-year period of revocation (see 15 NYCRR 136.5 [b] [3]). On July 8, 2015, the appeals board affirmed the denial. In January 2017, petitioner again applied for relicensing. Respondent denied that application as well and, on October 2, 2017, the appeals board affirmed the denial. Thereafter, petitioner commenced this CPLR article 78 proceeding by filing a petition challenging the October 2, 2017 determination.
We reject petitioner's contention that his petition was timely. An application to reconsider the determination of an administrative body does not extend the four-month statutory period within which to seek judicial review of the determination (see Matter of Riverso v New York State Dept. of Envtl. Conservation, 125 AD3d 974, 976-977 [2d Dept 2015]; Matter of Qualey v Shang, 70 AD2d 619, 621 [2d Dept 1979]; see generally CPLR 217 [1]). A second application seeking the same relief is merely an application for reconsideration of the first application and thus does not extend the limitations period (see Matter of Heysler v Park, 167 AD2d 837, 838 [4th Dept 1990]; Qualey, 70 AD2d at 621). By contrast, where the application is based upon new evidence and " the agency conducts a fresh and complete examination of the matter based on [that] evidence,' an aggrieved party may seek review in a CPLR article 78 proceeding commenced within four months of the new determination" (Riverso, 125 AD3d at 977; cf. Heysler, 167 AD2d at 838).
Here, petitioner's second application for relicensing seeks the same relief as his first [*2]application and is not based on new evidence, and thus it is merely an application for reconsideration. Although petitioner relies on purportedly new evidence contained in respondent's response to a request that petitioner made pursuant to the Freedom of Information Law (Public Officers Law art. 6), that response contained information that was known to respondent at the time of the July 8, 2015 determination and thus cannot be considered new evidence. Because the petition was filed more than four months after respondent's determination became final and binding on July 8, 2015, the petition was time-barred (see CPLR 217 [1]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court