Matter of Florida Historical Socy. v Zoning Bd. of Appeals of the Vil. of Fla., N.Y. (2021 NY Slip Op 05123)





Matter of Florida Historical Socy. v Zoning Bd. of Appeals of the Vil. of Fla., N.Y.


2021 NY Slip Op 05123


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-02886
 (Index No. 6007/17)

[*1]In the Matter of Florida Historical Society, appellant,
v
Zoning Board of Appeals of the Village of Florida, New York, et al., respondents.


Havens Law Firm, Warwick, NY (Jeremy L. Havens of counsel), for appellant.
Morris Duffy Alonso & Faley, New York, NY (Andrea M. Alonso and Iryna S. Krauchanka of counsel), for respondents.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review so much of two determinations of the Zoning Board of Appeals of the Village of Florida dated September 22, 2015, and March 14, 2016, respectively, as found that the petitioner/plaintiff's proposed use of the subject property required a conditional use variance, and action, inter alia, for injunctive relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated December 28, 2017. The order and judgment, insofar as appealed from, granted, in part, the respondents/defendants' motion pursuant to CPLR 3211(a)(5) and (7) to dismiss the petition/complaint and, in effect, denied the petition and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner/plaintiff (hereinafter the petitioner) is the owner of a 14.3-acre parcel of land in the Village of Florida, New York (hereinafter the property). The property, which had been the residence of Raymond F. Green until his death in 2012, was devised to the petitioner. Upon
taking possession of the property, the petitioner sought to use the existing building, among other things, as a headquarters and meeting space for its members, as well as a museum, and to use the undeveloped portions of the property by creating a walking path with educational markers. The petitioner sought a determination from the Village of Florida Planning Board (hereinafter the planning board) that its proposed use of the property was a permitted conditional use and did not require a variance. At a regular meeting held on October 29, 2014, the planning board determined that the petitioner's proposed use was not a permitted conditional use.
The petitioner then sought an interpretation of the relevant zoning requirements from the Zoning Board of Appeals of the Village of Florida (hereinafter the ZBA) and, in the alternative, applied for a conditional use variance. In a resolution dated September 22, 2015, the ZBA determined that a conditional use variance was required. The ZBA then granted the variance, but only as to a small part of the property on which the residential building was located. The ZBA denied the variance as to the remaining undeveloped acreage "without prejudice with the right . . . [*2]to re-apply with a more detailed plan at a future time."
In a subsequent resolution, dated March 14, 2016, the ZBA again found that a conditional use variance was required. The ZBA then granted the variance for the remaining undeveloped acreage, subject to authorization and plan approval by the planning board.
The planning board, among other things, subsequently conditioned the approval of the petitioner's site plan on the submission of a survey for the entire property. On May 31, 2017, upon the petitioner's refusal to submit the required documents, the planning board denied the petitioner's application.
The petitioner commenced this hybrid proceeding to review so much of the ZBA's September 22, 2015 and March 14, 2016 resolutions as determined that a conditional use variance was required, and action, inter alia, for injunctive relief against the respondents/defendants Village, ZBA, planning board, and others (hereinafter collectively the respondents). The respondents joined issue and moved to dismiss the petition/complaint pursuant to CPLR 3211(a)(5) and (7). In an order and judgment dated December 28, 2017, the Supreme Court granted the motion, in part, and, in effect, denied the petition and dismissed the proceeding/action. The petitioner appeals.
As a threshold matter, contrary to the petitioner's contention, the administrative return submitted by the respondents along with their answer was adequate and effectively complied with the requirements of CPLR 7804(e) (see Matter of County of Rockland v Town of Clarkstown, 128 AD3d 957, 958).
To the extent the petitioner seeks review of the ZBA's determinations dated September 22, 2015, and March 14, 2016, it should have commenced this proceeding pursuant to CPLR article 78 within 30 days after the filing of the ZBA's decision in the office of the village clerk (see Village Law § 7-712-c[1])—which, in this case, occurred on October 5, 2015, and March 28, 2016, respectively. Accordingly, the Supreme Court properly dismissed those branches of the petition as time-barred.
To the extent the petition may be read as also seeking review of the planning board's May 31, 2017 determination, the Supreme Court properly dismissed that branch of the petition on the merits. A local planning board has broad discretion in conducting a site plan review, and in setting appropriate conditions and safeguard in harmony with the general purpose and intent of the applicable zoning code (see Matter of Rock of Salvation Church v Village of Sleepy Hollow Planning Bd., 166 AD3d 985, 986; Matter of Valentine v McLaughlin, 87 AD3d 1155, 1157; see also Code of the Village of Florida § 119-34). Where a planning board's decision has a rational basis in the record, a court may not substitute its own judgment, even where the evidence could support a different conclusion, and judicial review is limited to determining whether the action taken by the planning board was illegal, arbitrary, or an abuse of discretion (see Matter of Rock of Salvation Church v Village of Sleepy Hollow Planning Bd., 166 AD3d at 986; Matter of Valentine v McLaughlin, 87 AD3d at 1157-1158). Here, the planning board's determination had a rational basis, was not illegal, and was neither arbitrary nor capricious (see Matter of Empire Import-Export of USA, Inc. v Town of E. Hampton Planning Bd., 186 AD3d 1364, 1365).
The petitioner's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court