Matter of Camarda v Ubert (2025 NY Slip Op 03061)

Matter of Camarda v Ubert

2025 NY Slip Op 03061

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-07498
 (Index No. 502550/22)

[*1]In the Matter of Vincent J. Camarda, appellant,
v
Richard Ubert, etc., et al., respondents.

Forchelli Deegan Terrana LLP, Uniondale, NY (Richard A. Blumberg and Danielle E. Tricolla of counsel), for appellant.
Siegel & Sitler, PLLC, Bohemia, NY (Philip J. Siegel of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Amityville dated January 14, 2022, which, after a hearing, confirmed so much of a determination of the Building Inspector of the Village of Amityville dated September 2, 2021, as determined that the petitioner violated a condition set forth in a determination of the Zoning Board of Appeals of the Village of Amityville dated April 23, 2021, and denied so much of the petitioner's application as was to amend a certain area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (James F. Quinn, J.), dated June 21, 2023. The judgment, in effect, denied the petition as time-barred and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the petition on the merits.
In January 2021, the petitioner, who owned a residence located in the Village of Amityville, submitted an application to the Zoning Board of Appeals of Village of Amityville (hereinafter the ZBA) in which he sought area variances for the purpose of replacing his existing garage with a new one (hereinafter the January 2021 application). Specifically, the petitioner proposed the construction of a new garage with, among other things, an increased height and larger floor area as compared to the existing one. He therefore sought area variances relating to local accessory building height, lot coverage, and side-yard setback regulations. At a public hearing held the following month, members of the ZBA expressed concerns with the proposed height of the new garage as set forth in the petitioner's architectural plans. Following a second public hearing, which was held in March 2021 after the petitioner provided the ZBA with amended plans addressing its concerns, the ZBA voted to approve the petitioner's application and then issued a written decision, which was filed with the Village of Amityville Clerk (hereinafter the village clerk) on April 23, 2021 (hereinafter the April 2021 decision). The April 2021 decision, inter alia, contained a condition that the petitioner "must comply with [the] plans submitted before the [ZBA]," which included, among other things, lot coverage of 33.8% based, in part, upon a proposed garage-floor area of 28 feet by 30 feet. The petitioner, however, subsequently secured new plans modifying those which were before the ZBA (hereinafter the modified plans). The modified plans, inter alia, increased the lot coverage to 34.8% based, in part, on a garage-floor area of 26 feet by 40 feet. The petitioner then [*2]sought approval of the modified plans from the Village of Amityville Building Inspector (hereinafter the building inspector), who, according to the petitioner, advised him that the modified plans did not require ZBA approval. On April 26, 2021, the building inspector issued a building permit approving the modified plans. The petitioner subsequently demolished his existing garage and constructed a new garage in accordance with the modified plans. However, in September 2021, the building inspector issued an "Order to Remedy Violation" to the petitioner (hereinafter the violation order) which, among other things, determined that he violated the condition in the April 2021 decision requiring him to comply with the plans approved by the ZBA.
In November 2021, the petitioner filed an application with the ZBA appealing the violation order as improperly issued or, in the alternative, seeking to amend the area variance related to lot coverage, which had been granted in the April 2021 decision, so as to obtain an area variance that would permit the lot coverage of the new garage as constructed (hereinafter the November 2021 application). In January 2022, after a public hearing, the ZBA voted, inter alia, to confirm so much of the violation order as determined that the petitioner violated the condition set forth in the April 2021 decision requiring him to comply with the plans approved by the ZBA and to deny his alternative request to amend the area variance related to lot coverage. The next day, the ZBA filed a written decision memorializing its determination with the village clerk (hereinafter the January 2022 decision).
On February 11, 2022, the petitioner commenced this CPLR article 78 proceeding against the respondents to review the January 2022 decision. In their answering papers, the respondents asserted, among other things, that the proceeding was commenced after the expiration of the applicable statute of limitations and that the petition was therefore time-barred. In a judgment dated June 21, 2023, the Supreme Court, in effect, denied the petition as time-barred and dismissed the proceeding. The petitioner appeals.
"[A] four-month statute of limitations is generally applicable to proceedings pursuant to CPLR article 78," "[u]nless a shorter time is provided in the law authorizing the proceeding" (Matter of Baker v Stanford, 183 AD3d 889, 890, citing CPLR 217[1]). As relevant to this appeal, Village Law § 7-712-c(1) sets forth such a shorter time period. Pursuant to that statutory provision, a petitioner seeking judicial review of a decision of a village zoning board of appeals must commence a CPLR article 78 proceeding "within 30 days after the filing of the . . . decision in the office of the village clerk" (Matter of Florida Historical Socy. v Zoning Bd. of Appeals of the Vil. of Fla., N.Y., 197 AD3d 1313, 1315, citing Village Law § 7-712-c[1]). A party seeking to assert the statute of limitations as a defense in such a proceeding has the burden of establishing that the challenged decision was filed with the village clerk more than 30 days before the proceeding was commenced (see Matter of Gentile v Village of Tuckahoe Zoning Bd. of Appeals, 87 AD3d 695, 696; see generally Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d 682, 683).
"In order to determine the applicable limitations period and the event that triggered its commencement" in an article 78 proceeding, a court "must first ascertain what administrative decision [the] petitioner is actually seeking to review and then find the point when that decision became final and binding and thus had an impact upon petitioner" (Matter of Crowell v Zoning Bd. of Appeals of the Town of Queensbury, 151 AD3d 1247, 1249 [internal quotation marks omitted]; see Matter of Young v Board of Trustees of Vil. of Blasdell, 89 NY2d 846, 848; Matter of Board of Fire Commrs. of the Fairview Fire Dist. v Town of Poughkeepsie Planning Bd., 156 AD3d 624, 629). Moreover, since "[a] motion to reconsider" an administrative determination "generally seeks the same relief" as the application that resulted in the prior determination "and advances factual and legal issues that were previously litigated at the administrative level" (Matter of Yarbough v Franco, 95 NY2d 342, 347), "a request for reconsideration . . . generally does not extend or toll the statute of limitations or render the otherwise final determination non-final" (Rock v New York City Employees' Retirement Sys., 231 AD3d 979, 983 [alteration and internal quotation marks omitted]).
Here, the Supreme Court improperly concluded that the petition was time-barred (see Matter of Shepherd v Maddaloni, 103 AD3d 901, 904-905; Matter of Gentile v Village of Tuckahoe [*3]Zoning Bd. of Appeals, 87 AD3d at 696). Contrary to the respondents' contention and the court's determination, the limitations period did not begin to run at the time the ZBA filed the April 2021 decision with the village clerk. The petitioner's January 2021 application resulted in the April 2021 decision, whereas his November 2021 application resulted in the January 2022 decision. The petitioner did not "seek[ ] the same relief" in the November 2021 application as in the January 2021 application, nor did the November 2021 application "advance[ ] factual and legal issues that were previously litigated" before the ZBA (Matter of Yarbough v Franco, 95 NY2d at 347). For example, in support of so much of the November 2021 application as appealed the violation order, the petitioner asserted that the modified plans only deviated from those approved by the ZBA in a de minimis fashion and that, in any event, he did not intentionally violate the April 2021 decision because he acted in good faith upon the building inspector's advice. These issues were not, and could not have been, before the ZBA at the time it rendered the April 2021 decision in response to the January 2021 application. Similarly, the petitioner's alternative request to amend the area variance related to lot coverage for lot coverage of 34.8% based on, among other things, a garage- floor area of 26 feet by 40 feet was not considered by the ZBA in relation to the January 2021 application, which sought a variance for a lower lot coverage percentage relating to a smaller floor area (cf. Matter of Heysler v Park, 167 AD2d 837, 837-838).
Since the November 2021 application did not constitute a request for reconsideration of all or part of the April 2021 decision, even if it sought, as an alternative ground for relief, to amend a condition set forth therein, the limitations period to challenge the January 2022 decision did not begin to run at the time the April 2021 decision was filed with the village clerk (see Matter of Riverso v New York State Dept. of Envtl. Conservation, 125 AD3d 974, 976-977; cf. Matter of Crowell v Zoning Bd. of Appeals of the Town of Queensbury, 151 AD3d at 1249). As the respondents did not establish that the petition was filed more than 30 days after the ZBA filed the challenged decision with the village clerk, they failed to demonstrate that this proceeding was time-barred (see Matter of Gentile v Village of Tuckahoe Zoning Bd. of Appeals, 87 AD3d at 696; cf. Matter of Ip v Village of N. Hills, 61 AD3d 688, 688).
Finally, contrary to the respondents' contention, this Court's determination is not likely to "encourag[e] others to commit similar 'construction errors' to increase zoning nonconformities and build larger unpermitted structures." Property owners who receive zoning variances only to deviate therefrom with corresponding construction assume the risk that subsequent attempts to obtain a new variance from a local zoning authority may fail, that they may be directed to pay fines and remedy the violation, and that legal challenges may be unsuccessful. Our analysis is limited to the question of whether this proceeding was time-barred and does not address the merits of the petitioner's challenge to the January 2022 decision.
Accordingly, the Supreme Court should not have, in effect, denied the petition as time-barred and dismissed the proceeding. The petition therefore must be reinstated, and we remit the matter to the Supreme Court, Suffolk County, for a determination on the merits of the petition (see Matter of Munro v New York City Human Resources Admin., Off. of Child Support Enforcement, 221 AD3d 904, 906; Matter of Shepherd v Maddaloni, 103 AD3d at 906).
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court